UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARYL ROGERS,<br><br>    Petitioner,<br><br> v.<br><br>DANIEL WHITE,<br><br>    Respondent. | CASE NO. 3:22-cv-05367-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

   This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge S. Kate Vaughan. Dkt. No. 14. Judge Vaughan recommends denying pro se Petitioner Daryl Rogers' Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. *Id.*; Dkt. No. 4. Mr. Rogers objects to the R&R. Dkt. No. 18. Having reviewed Judge Vaughan's recommendations, Mr. Rogers' objections, and the balance of the record, the Court adopts the R&R as set forth below.

I.         BACKGROUND

Mr. Rogers is currently confined at the Monroe Correctional Complex ("MCC"). Dkt. No. 22.[1] In late 2018, a jury convicted Mr. Rogers of three counts of rape of a child in the first degree and one count of child molestation in the first degree. Dkt. No. 4 at 1. Mr. Rogers was sentenced in January 2019 and is serving three concurrent terms of 277 months to life from the child rape convictions and one concurrent term of 171 months to life from the child molestation conviction. Dkt. No. 8-1 at 5–7, 18; *see also* Dkt. No. 8-2 at 793. Mr. Rogers appealed his conviction with the assistance of counsel, arguing among other things that he was denied the right to a fair trial by an impartial jury due to the trial court's failure to sua sponte excuse a juror for actual bias. Dkt. No. 8-1 at 60–66. On August 3, 2020, the Washington Court of Appeals affirmed his conviction and remanded with instructions to strike one condition of community custody. *State v. Rogers*, 14 Wash. App. 2d 1006, 2020 WL 4460014, at *1 (Wash. Ct. App. 2020). On March 3, 2021, the Washington Supreme Court denied his petition of review. *State v. Rogers*, 481 P.3d 551 (Wash. 2021). The Court of Appeals issued its mandate finalizing direct review on April 19, 2021. Dkt. No. 8-1 at 182.

In addition, Mr. Rogers pursued postconviction relief in state court, including a motion for arrest of judgment under Washington Criminal Rule ("CrR") 7.4 arguing that the trial court erred in not requiring a jury to find necessary facts before increasing the minimum and maximum

---

[1] In his petition, Mr. Rogers properly named Ronald Haynes as respondent because at the time of filing, Haynes was the Superintendent of Stafford Creek Corrections Center, the facility where Mr. Rogers was then detained. Dkt. No. 4 at 1; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that the proper respondent to a habeas petition is the person with "immediate custody" over the petitioner); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (same). During the pendency of these proceedings, however, Mr. Rogers was transferred to AHCC, *see* Dkt. No. 16, and then more recently, to MCC, *see* Dkt. No. 22. Accordingly, the Court substitutes as respondent Mr. Rogers' current immediate custodian at MCC, Superintendent of Twin Rivers Unit Daniel White, pursuant to Fed. R. Civ. P. 25(d). *See* Department of Corrections Washington State, *State Prisons*, https://doc.wa.gov/corrections/incarceration/prisons/contact.htm#mcc (last visited Sept. 26, 2023).

penalties for his crimes under Section 9.94A.507 of the Revised Code of Washington. *Id.* at 190–95. The Clark County Superior Court construed this motion as a personal restraint petition pursuant to CrR 7.8 and transferred it to the Court of Appeals which dismissed the petition as frivolous. *Id.* at 188–89, 298. Mr. Rogers then sought discretionary review from the Washington Supreme Court, which denied his request on September 29, 2021. *Id.* at 392–93. Following Mr. Rogers' unsuccessful motion to modify the Washington Supreme Court's ruling, *id.* at 493, the Washington Court of Appeals issued a certificate of finality on January 13, 2022, *id.* at 495.

Mr. Rogers filed his petition for habeas corpus in this Court in May 2022, seeking relief from his convictions on two grounds. First, he claims that he was wrongfully sentenced under Section 9.94A.507 of the Revised Code of Washington, "a sentence enhancement that was not charged, decided by the jury, or admitted to by [him]," in violation of the Sixth Amendment. Dkt. No. 4 at 6 (citing *Alleyne v. United States*, 570 U.S. 99 (2013); *Cunningham v. California*, 549 U.S. 270 (2007)). Second, Mr. Rogers asserts that his "Sixth Amendment right to trial by a fair and impartial jury was violated because the court erred in failing to excuse [Juror 16] for cause." *Id.* at 6–7. Respondent submitted an answer contending that Mr. Rogers has not demonstrated any grounds for relief, and Mr. Rogers then filed a supplemental response. Dkt. No. 7 at 9–15; Dkt. No. 12.[2]

On November 9, 2022, Judge Vaughan issued her R&R recommending that the Court deny Mr. Rogers' petition and not issue a certificate of appealability under 28 U.S.C. § 2253(c). Dkt. No. 14 at 12. With respect to Ground One, Judge Vaughan concluded that Mr. Rogers' reliance on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny is inapposite, and his sentencing

---

[2] Respondent states that Mr. Rogers' petition "appears to be timely under 28 U.S.C. § 2244(d)" and that he "has arguably exhausted his state remedies." Dkt. No. 7 at 4. Upon review of the record, the Court finds no basis to conclude otherwise. *See* 28 U.S.C. §§ 2244(d)(1)–(2), 2254(b)–(c).

under the relevant statutes did not contravene clearly established precedent. *Id.* at 6–8. With respect to Ground Two, the R&R found that "[i]n the absence of any decision of the United States Supreme Court clearly supporting [Mr. Rogers'] claim that the trial judge had an obligation to dismiss the juror sua sponte, the state court's adjudication of the claim cannot be deemed contrary to any clearly established federal law." *Id.* at 11.

Judge Vaughan advised the parties that any objections to the R&R were due within 21 days, by November 30, 2022. *Id.* at 12–13. Mr. Rogers' objections, though dated November 30, 2022, were filed with the Court on December 7, 2022. Dkt. No. 18 at 1, 17. Mr. Rogers explains that he was transferred from Stafford Creek Corrections Center to AHCC in early November and did not receive the R&R until November 16, 2022. Dkt. No. 19 at 2. Therefore, he asks that the Court consider his late-filed objections. *Id.* Respondent does not oppose Mr. Rogers' request, *see* Dkt. No. 20, and the Court finds it proper under the circumstances to consider these objections. In addition, Mr. Rogers filed a reply to Respondent's response to his objections, which is not permitted under Local Civil Rule 72(b). However, in light of Mr. Rogers' pro se status, the Court considers his reply. Dkt. No. 21.

## II. DISCUSSION

### A. Legal Standards

#### 1. Reviewing the R&R

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not

otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

    2.    <u>28 U.S.C. § 2254</u>

A person in custody pursuant to a state court judgment is entitled to habeas relief only if they can show that the state court's adjudication of their claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2); *see also Harrington v. Richter*, 562 U.S. 86, 97–98 (2011). Federal courts will not disturb a state court's application of federal law under Section 2254(d)(1) unless it was "objectively unreasonable," or "so obviously wrong that its error lies beyond any possibility for fairminded disagreement"—a "challenging standard to meet." *Fauber v. Davis*, 43 F.4th 987, 996–97 (9th Cir. 2022) (cleaned up); *see also Walden v. Shinn*, 990 F.3d 1183, 1195 (9th Cir. 2021). And under Section 2254(d)(2), "a state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion." *Walden*, 990 F.3d at 1195–96 (cleaned up). On habeas review, the state trial court is afforded "substantial deference" with respect to factual determinations. *Brumfield v. Cain*, 576 U.S. 305, 314 (2015).

**B.**    **Exceptional Sentence (Ground One)**

Apart from his objection to the R&R's recommendation that no certificate of appealability be issued for this aspect of his petition, Mr. Rogers' objections "are merely a rehash of arguments already raised and decided upon by the Magistrate Judge[.]" *El Papel LLC v. Inslee*, No. 2:20-CV-01323-RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021); *see also Aslanyan v. Herzog*, No. 14-CV-0511-JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014). Mr. Rogers argues

that the R&R "fail[ed] to apply the United States Supreme Court ruling" in *Alleyne*. Dkt. No. 18 at 1; *see also* Dkt. No. 21 at 1. However, Judge Vaughan addressed *Alleyne* and related precedent and explained why the Washington Supreme Court correctly handled his sentencing claim on collateral review. Dkt. No. 14 at 7–8. The Court now independently rejects Mr. Rogers' arguments for the same reasons articulated in the R&R; namely, because he fails to identify a "fact" that required submission to the jury prior to the trial court's imposition of its sentence under Section 9.94A.507 of the Revised Code of Washington. *See id.* at 8 ("Though [Mr. Rogers] argues in his petition that he received a sentence enhancement when he was sentenced in accordance with RCW 9.94A.507, that is simply not the case."). As Judge Vaughan explained:

> Once [Mr. Rogers] was convicted of the crimes of rape of a child in the first degree and child molestation in the first degree, the sentencing court was required by statute to impose both a minimum and a maximum sentence. *Se[e]* RCW 9.94A.507(3)(a). And pursuant to that statute, [Mr. Rogers] was sentenced to a maximum term of life imprisonment on each of his offenses because each offense constituted a class A felony and was therefore subject to a statutory maximum sentence of life imprisonment. *See* RCW 9.94A.507(3)(b), RCW 9A.44.073, RCW 9A.44.083, RCW 9A.20.021(1)(a). Finally, in accordance with RCW 9.94A.507(3)(c)(i), [Mr. Rogers] was sentenced to a minimum term within the standard sentence range for the offense. As the Washington Supreme Court Commissioner correctly noted, [Mr. Rogers'] sentence flowed solely from the guilty findings on the charged offenses and was not based on additional facts which were required to be found by the jury.

*Id.*[3] Therefore, the Court adopts the R&R's conclusion that Mr. Rogers has failed to show the state court's determination of his sentencing claim contravened clearly established federal law, and denies this ground for relief.

---

[3] At sentencing, the State noted: "[W]e're not asking for an exceptional sentence, simply the top of the range within the normal range." Dkt. No. 8-2 at 785; *see also id.* at 790 (Mr. Rogers' counsel stating, "I appreciate that the prosecutor is not requesting a sentence above the standard range. We do appreciate that.").

**C.      Impartial Jury (Ground Two)**

Here too, with the exception of his request that he be granted a certificate of appealability, Mr. Rogers' objections restate arguments and raise issues already presented to Judge Vaughan. *See* Dkt. No. 18 at 4–15; Dkt. No. 21 at 4–10. Mr. Rogers maintains that Juror 16 made statements sufficient to obligate the trial court to dismiss him sua sponte for cause. Dkt. No. 4 at 7; Dkt. No. 18 at 12–15; Dkt. No. 21 at 9–10. He bases this claim on the following exchange between Juror 16 and defense counsel, in response to counsel's hypothetical inquiring how jurors would react if Mr. Rogers declined to put on a defense:

> JUROR 16: Well, without strong exculpatory evidence on the defense part, the State has the scales tipped in their favor. There is just no way I could look at everything they present without a defense and judge otherwise.
>
> COUNSEL: Okay. Well, I appreciate the candor. I suspect that might be a preconceived notion that a lot of people come in with. I would like to remove the idea for a second that I—that we wouldn't present any kind of a case, and as I proposed to [juror] No. 15 here, look at all the evidence as a whole, but imagine a hypothetical where you had questions after that. We were -- there were --
>
> JUROR 16: Sure, I would submit my questions to the judge.
>
> COUNSEL: Okay.
>
> JUROR 16: But, again, it's heavily weighted toward the State.

Dkt. No. 8-2 at 98–99. Later on, when presented with a hypothetical on how he would handle inconsistencies between his understanding of a crime and the legal elements of a crime, Juror 16 stated: "If the crime meets the definition of what is set on paper is written as a law, that's what needs to be followed, not what you think it means." *Id.* at 108.

At other points during voir dire, Juror 16 stated he sometimes struggled with short term memory, expressed skepticism of elected judges, and averred that his mother having been a victim of sexual assault would not undermine his impartiality. *See id.* at 47–48, 54–55, 67, 77. Defense

counsel declined to challenge Juror 16 and the trial court did not sua sponte dismiss him for cause. Dkt. No. 8-1 at 649; Dkt. No. 8-2 at 130–32. On direct appeal, the Court of Appeals held that

> Unlike the juror in [*State v. Gonzales*, 45 P.3d 205 (Wash. Ct. App. 2002)], [Juror 16] did not express an inability to remain impartial due to a bias against the defendant or towards the police. Juror 16 admitted a presentation of evidence by the State could sway him in absence of a presentation by the defendant—a mere hypothetical when the court knew Rogers would be presenting a defense. Although juror 16 reiterated his bias after defense counsel clarified Rogers would mount a defense, it may have been clear to the court that juror 16 did not catch the clarification. The court also knew defense counsel declined to strike juror 16 and, given all of juror 16's responses, may not have wanted to undermine a legitimate tactical decision not to challenge him. Considered within the full context of voir dire and the trial, the court did not abuse its discretion by seating juror 16.

*Rogers*, 2020 WL 4460014, at *5 (footnote omitted).

The R&R noted that a state court's finding on juror impartiality is a finding of fact and thus afforded substantial deference. Dkt. No. 14 at 9 (citing *Uttecht v. Brown*, 551 U.S. 1, 9–10 (2007); *Wainwright v. Witt*, 469 U.S. 412, 428 (1985)); *see also Brumfield*, 576 U.S. at 314. As the Supreme Court reasoned in *Uttecht*, on top of the baseline deference due under Section 2254(d), "[d]eference to the trial court is appropriate" in this context because the trial court "is in a position to assess the demeanor of the venire, and of the individuals who compose it, a factor of critical importance in assessing the attitude and qualifications of potential jurors." 551 U.S. at 9–10; *see also United States v. Alexander*, 48 F.3d 1477, 1484 (9th Cir. 1995). Furthermore, the R&R found that because "the United States Supreme Court has never held that a trial court has an obligation to dismiss jurors sua sponte for cause," the state appellate court's adjudication of Mr. Rogers claim "cannot be deemed contrary to any clearly established federal law" under Section 2254(d)(1). Dkt. No. 14 at 11 (citing *Washington v. Thaler*, 714 F.3d 352, 354 (5th Cir. 2013), *cert. denied* 571 U.S. 957 (2013)).

Upon review of the record, the Court adopts the R&R's conclusion that the state court's adjudication of Mr. Rogers' claim did not contravene clearly established federal law or rely "on

an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d)(1)–(2). "Actual bias involves an inability to act impartially or a refusal to weigh the evidence properly." *Image Tech. Svcs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1220 (9th Cir. 1997). The trial court is in the best position to evaluate whether a juror must be dismissed for bias. *State v. Davis*, 290 P.3d 43, 53 (Wash. 2012), *abrogated on other grounds by State v. Gregory*, 427 P.3d 621 (Wash. 2018). Mr. Rogers is correct that CrR 6.4(c)(1) creates a mandatory duty to dismiss an unfit juror even in the absence of a challenge by counsel, but as the Court of Appeals alluded, a trial court's unwarranted sua sponte excusal runs the risk of infringing on a defendant's legitimate trial strategy. *State v. Lawler*, 374 P.3d 278, 282–83 (Wash. Ct. App. 2016) (citing *State v. Coristine*, 300 P.3d 400 (Wash. 2013)). And although Mr. Rogers asserts that "[t]here is no reasonable trial strategy that a defense attorney could employ[] that would justify seating a juror who has displayed actual bias against the defense," Dkt. No. 18 at 13, a reasonable defense attorney may have decided not to challenge Juror 16 based on the disdain he expressed for mandatory minimums, "the three-strike rule," and "throw[ing] the book at a defendant to appear tough on crime." Dkt. No. 18-1 at 58 (describing mandatory minimums as "grossly unfair"). Moreover, "[a] juror's initial impressions or initial bias may be irrelevant, at the trial judge's discretion, when that juror commits to lay aside those feelings and reach a verdict based on the evidence presented and the court's instructions." *Image Tech. Svcs.*, 125 F.3d at 1220. And finally, CrR 6.4(c)(1) empowers "any party" to "challenge the juror for cause" in event "the judge does not excuse the juror." In this case, the Washington Court of Appeals found that the trial court was within its discretion to decline to strike Juror 16 sua sponte, neither party challenged Juror 16 for cause after the judge did not excuse him (nor did the defense exercise an unused peremptory challenge to strike Juror 16, Dkt. No. 8-1 at 649; Dkt. No. 8-2 at 128–130), and Mr. Rogers cannot point to clearly established federal precedent supporting his claim that the state trial court had an obligation to do otherwise.

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 9

Accordingly, the Court adopts the R&R's recommendation that Mr. Rogers' petition be denied on this ground as well.

**D.    Certificate of Appealability**

Lastly, Judge Vaughan found that Mr. Rogers is "not entitled to a certificate of appealability with respect to either of the claims asserted in his petition" because he failed to make a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). Dkt. No. 14 at 12. The relevant inquiry at this stage is whether Mr. Rogers has shown "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Buck v. Davis*, 580 U.S. 100, 115 (2017). Under this standard, the Court concurs with the R&R's recommendation and declines to issue a certificate of appealability.

### III.    CONCLUSION

The Court, having reviewed Mr. Rogers' petition for writ of habeas corpus under 28 U.S.C. § 2254, his objections, the R&R, and the remaining record, hereby finds and ORDERS:

1. Mr. Rogers' motion for the Court to accept his objections as timely is GRANTED, Dkt. No. 19.
2. Mr. Rogers' objections are OVERRULED, Dkt. No. 18, and the Report and Recommendation is APPROVED and ADOPTED, Dkt. No. 14.
3. Mr. Rogers' federal habeas petition, Dkt. No. 4, is DENIED.
4. Mr. Rogers' request for a certificate of appealability under 28 U.S.C. § 2253(c) is DENIED as to both grounds raised in his petition.

5. Superintendent Daniel White shall be substituted as a Respondent as Mr. Rogers' current immediate custodian at the MCC, pursuant to Fed. R. Civ. P. 25(d).

6. The Clerk is DIRECTED to send copies of this Order to Mr. Rogers and to Judge Vaughan.

Dated this 27th day of September, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 11