UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARYL ROGERS,<br><br>                Petitioner,<br><br>   v.<br><br>DANIEL WHITE,<br><br>                Respondent. | CASE NO. 3:22-cv-05367-LK<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on Petitioner Daryl Rogers' Motion for Relief from Judgment. Dkt. No. 30.

On September 27, 2023, this Court entered judgment in favor of Respondent and against Petitioner. Dkt. No. 25. The Court denied Petitioner a certificate of appealability. Dkt. No. 24 at 10. Rogers appealed to the Ninth Circuit, "request[ing] the issuance of a Certificate of Appealability[.]" Dkt. No. 27 at 1. On June 28, 2024, the Ninth Circuit denied the request because Rogers had not made a "substantial showing of the denial of a constitutional right." Dkt. No. 29 (quoting 28 U.S.C. § 2253(c)(2)). On August 18, 2025, Rogers filed the present motion in this Court, seeking relief from judgment under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). Dkt. No. 30.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 1

A motion made under Federal Rule of Civil Procedure 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment[.]" Fed. R. Civ. P. 60(c)(1).

The present motion was filed nearly two years after this Court entered judgment. Because the motion was filed "more than a year after the entry of judgment," the Court may not review Rogers' request under Federal Rule of Civil Procedure 60(b)(1). Fed. R. Civ. P. 60(c)(1); *see also Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) ("Since the Rule 60(b)(2) motion was not filed within one year of entry of judgment, the district court lacked jurisdiction to consider it.").

As for Rogers' request under Federal Rule of Civil Procedure 60(b)(6), the Court must determine whether it was "made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (citation modified). As discussed, Rogers filed this motion on August 18, 2025, Dkt. No. 30, almost two years after the Court entered judgment in September 2023, Dkt. No. 25, and over a year after the Ninth Circuit denied his request for a certificate of appealability, Dkt. No. 29. Rogers provides no reason for the delay. Dkt. No. 30. Therefore, the Court denies his request under Federal Rule of Civil Procedure 60(b)(6) as untimely. *See, e.g.*, *Palmer v. Milnor*, No. 19-0961-LK, 2024 WL 4466046, at *2 (W.D. Wash. Oct. 10, 2024) ("[Petitioner] filed this motion more than two years after the Court dismissed his case . . . The two cases he cites in his motion were decided approximately six months . . . and two years . . . before he filed this motion, and they are inapplicable in any event as set forth below . . . The motion is therefore untimely."); *Renteria v. Lizarraga*, No. CV 16-1568 RGK (SS), 2018 WL 6164258, at *3 (C.D. Cal. May 23, 2018)

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 2

("Petitioner has neither alleged nor demonstrated that circumstances beyond his control prevented him from filing his Motion in a reasonable time, let alone that such circumstances were sufficiently extraordinary to justify a nineteen-month delay[].").

Moreover, even if the Court reviewed the merits of Rogers' motion, it would deny relief. Rogers argues that the "final judgment denying [his] [Section] 2254 petition rests on a misapplication of constitutional principles under *Apprendi*, *Blakely*, and *Alleyne*, by upholding both the mandatory minimum and maximum terms without the necessary jury findings," which "violated Petitioner's Sixth Amendment rights." Dkt. No. 30 at 1–2. He also argues that "the Court failed to properly consider Ground Two of Petitioner's habeas petition, which demonstrated that a biased juror—Juror 16—was empaneled and sat in judgment at Petitioner's criminal trial." *Id.* at 2.

The Court considered and rejected these arguments when reviewing Rogers' objections to Judge Vaughan's report and recommendation. *See* Dkt. No. 24 at 5–10. The Court also concluded that no "jurists of reason could disagree with the . . . resolution of his constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 10 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Rogers appealed to the Ninth Circuit, "request[ing] the issuance of a Certificate of Appealability," Dkt. No. 27 at 1, which the Ninth Circuit denied because Rogers had not made a "substantial showing of the denial of a constitutional right," Dkt. No. 29 (quoting 28 U.S.C. § 2253(c)(2)).

For the reasons stated above, the Court DENIES Rogers' Motion for Relief from Judgment. Dkt. No. 30.

Dated this 14th day of January, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 3